**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY JOSEPH LETIZIA,**

      **Plaintiff,**

**vs.**                           **Case No. 4:11cv39-MP/WCS**

**OSCEOLA COUNTY SHERIFF
DEPT., et al.,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and an *in forma pauperis* motion, doc. 2. As the listing of Defendants on the complaint form raised concerns, the complaint has been reviewed prior to ruling on the *in forma pauperis* motion.

Plaintiff is incarcerated at Taylor Correctional Institution in Perry, Florida. Doc. 1, p. 2. All of the Defendants are employed with the Osceola County Sheriff's Office in Kissimmee, Florida. *Id.* The events at issue took place in Osceola County where Plaintiff alleges unlawful, excessive force was used against him during an "undercover reverse sting operation." *Id.*

Because Osceola County is located in the Middle District of Florida, as are each of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the Middle District of Florida, Orlando Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte*, but limited the court's ability to dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")  The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed. There is no need for a hearing prior to transfer.

**RECOMMENDATION**

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I respectfully **RECOMMEND** transfer of this action to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings including ruling on the motion to dismiss, doc. 2.

**IN CHAMBERS** at Tallahassee, Florida, on January 31, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**